statement was completely unrelated to the case at bar. The record reveals that the State tendered the statement to the Court for its perusal. After reading it, the Court announced there was nothing impeaching in it and denied defense counsel's request. We perceive no error in the trial court's ruling. The relevancy of the statement to the case at bar had not been established. (*People v. Wolff,* 19 Ill.2d 318, 167 N.E.2d 197.) Moreover, since the judge was the trier of facts in the instant case, his refusal to tender the statement to defense counsel could not have been prejudicial.

■■ The defendants' remaining contention is that they were not proven guilty beyond a reasonable doubt because the identifications were vague and uncertain. We have discussed this matter and need not repeat our conclusions. The testimony of the two victims was clear and positive. The sufficiency of the evidence and the weight to be accorded the testimony of witnesses are questions for the trier of facts. No reasonable doubt as to defendants' guilt exists in the instant case.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM SCOTT, Defendant-Appellant.

(No. 56805;

First District—July 26, 1972.

Opinion by Mr. JUSTICE BURMAN.

Gerald W. Getty, Public Defender, of Chicago, (John Madden, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (James Schwartz, Assistant State's Attorney, of counsel,) for the People.