BAYBANK CONNECTICUT, N.A. *v.* H. DONALD
THUMLERT ET AL.
(14392)

PETERS, C. J., CALLAHAN, GLASS, BORDEN and BERDON, Js.

Argued April 29—decision released July 14, 1992

*Richard M. Leibert,* for the appellant (plaintiff).

*D. Jefferson Blackwell, Jr.,* for the appellees (named defendant et al.).

PETERS, C. J. The principal issue in this appeal is whether the thirty day time limit specified in General Statutes § 49-14 (a)[1] for filing a motion for a deficiency judgment in a mortgage foreclosure action is applicable to a judgment of foreclosure by sale. Concluding that the time limitation contained in § 49-14 (a) governs a motion for a deficiency judgment following a foreclosure by sale, the trial court, *Goldberg, J.,* denied as untimely the motion for a deficiency judgment filed by the plaintiff, BayBank Connecticut, N.A., against the named defendant, H. Donald Thumlert (defendant). The plaintiff appealed the denial of its motion to the Appellate Court and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We reverse.

On March 14, 1989, the defendant granted a mortgage to the plaintiff on a parcel of land in Glastonbury to secure a promissory note in the amount of $500,000. The defendant defaulted on the payment of the note and on August 1, 1990, the plaintiff commenced a foreclosure action against the defendant in Superior Court.[2]

---

[1] General Statutes § 49-14 provides in relevant part: "(a) At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."

[2] Also named as defendants in the plaintiff's action were Gloria A. Thumlert, United Bank and Trust Company, Landmark Bank, Community National Bank, Thompson Landscape Improvement, Inc., and Becker Sheet Metal Company.

The trial court, *Allen, J.,* granted the plaintiff's motion for judgment of strict foreclosure on December 31, 1990. Thereafter, on January 22, 1991, the trial court opened its judgment of strict foreclosure and, on March 4, 1991, granted the motion for judgment of foreclosure by sale filed by the United Bank and Trust Company, a subsequent lienholder. On April 13, 1991, a committee appointed by the trial court sold the property to the plaintiff, the only bidder, for the sum of $500,000. The trial court ratified the sale on April 29, 1991, and rendered a supplemental judgment confirming the sale on June 24, 1991.

Alleging a deficiency of $72,390.88, representing the difference between the approved sale price and the debt plus expenses, the plaintiff filed a motion for a deficiency judgment with the trial court on June 10, 1991. The defendant objected to the motion on the ground that it had been filed more than thirty days after the court had approved the sale and thus was untimely under § 49-14 (a). The plaintiff countered that the time limit of § 49-14 (a) applies solely to a motion for a deficiency judgment following a judgment of strict foreclosure.

Relying upon the Appellate Court's decision in *Central Bank for Savings* v. *Heggelund,* 23 Conn. App. 266, 268 n.1, 579 A.2d 598 (1990), the trial court, *Goldberg, J.,* applied the thirty day time limit of § 49-14 (a) to the plaintiff's motion for a deficiency judgment and concluded that it had been untimely filed. In *Heggelund,* the Appellate Court, in a footnote, addressing an alternate ground raised by the defendant for affirming the trial court's judgment, stated that the plaintiff's motion for a deficiency judgment following a judgment of foreclosure by sale had been timely. The Appellate Court stated that "[t]he thirty day time limit for moving for a deficiency judgment pursuant to General Statutes § 49-14 begins to run from the day the title transfer

becomes absolute, which . . . was . . . the day the court approved the sale of the property to the mortgagee." Id. On the basis of the Appellate Court's "unequivocal expression" in *Heggelund* that the thirty day time limit of § 49-14 (a) applies to a motion for a deficiency judgment following a judgment of foreclosure by sale, the trial court in the present case denied the plaintiff's motion.

The plaintiff raises three issues on appeal to this court. First, relying upon the plain language of § 49-14 (a), it reasserts its claim that the thirty day time limit does not apply to a motion for a deficiency judgment following a judgment of foreclosure by sale. Second, the plaintiff claims that, if we should conclude that the thirty day time limit of § 49-14 (a) applies to a motion for a deficiency judgment following a judgment of foreclosure by sale, the statute is unconstitutionally vague. Third, the plaintiff claims that, if § 49-14 (a) applies and is constitutional, its thirty day time period begins to run from the date the supplemental judgment is approved, or from the date of the conveyance of title, and not, as the trial court concluded, from the date the court approved the sale of the property. We agree with the plaintiff that the thirty day time limitation of § 49-14 (a) is inapplicable to a motion for a deficiency judgment following a judgment of foreclosure by sale and, accordingly, do not address the plaintiff's remaining two claims.

Section 49-14 (a) provides in part: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." The defendant emphasizes that the statute does not distinguish between a strict foreclosure and a foreclosure by sale. He maintains that, if the legislature had intended the time limitation of § 49-14 (a) to apply solely to strict foreclosure actions, it would have so indicated expressly.

We do not, however, view this sentence in isolation from the remainder of the statute. "The process by which legislation becomes binding law is not a piece-meal one; statutes are not passed sentence by sentence, or clause by clause. It follows that a court's interpretation of a single provision necessitates consideration of the statute in its entirety, deriving the meaning of a part from the whole of the words and phrases that the legislature declared to be the law." (Internal quotation marks omitted.) *Vernon Village, Inc.* v. *Carothers,* 217 Conn. 130, 137, 585 A.2d 76 (1991). "[T]he statute must be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation." *American Universal Ins. Co.* v. *DelGreco,* 205 Conn. 178, 193, 530 A.2d 171 (1987); *Orticelli* v. *Powers,* 197 Conn. 9, 14, 495 A.2d 1023 (1985).

Applying these basic mandates of statutory construction, we are persuaded that the legislature intended the time limitation of § 49-14 (a) to apply only to a motion for a deficiency judgment filed after a *strict* foreclosure proceeding. The remaining sentences of § 49-14 (a) are as follows: "*Such* motion shall be placed on the short calendar for an evidentiary hearing. *Such* hearing shall be held not less than fifteen days following the filing of the motion . . . . At *such* hearing the court shall hear the evidence, *establish a valuation for the mortgaged property* and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. . . ." (Emphasis added.) Each sentence depends for its meaning upon the sentence that immediately precedes it. "Such motion," the filing of which results in an evidentiary hearing to establish a valuation for the property, therefore refers to the motion for a deficiency judgment mentioned in the first sentence of the statute. While an evidentiary hearing is required to determine the value of the mort-

gaged property and thus the amount of any deficiency following a strict foreclosure, such a valuation would be superfluous following a foreclosure by sale. In the latter action "the price realized upon the sale of the property fixes the amount for which a deficiency may be entered pursuant to General Statutes § 49-28." *Fairfield Plumbing & Heating Supply Corporation* v. *Kosa,* 220 Conn. 643, 646 n.8, 600 A.2d 1 (1991); see also *Cronin* v. *Gager-Crawford Co.,* 128 Conn. 688, 692–93, 25 A.2d 652 (1942); D. Caron, Connecticut Foreclosures (2d Ed. 1989) § 9.05B, p. 161.[3] Because the valuation procedure of § 49-14 (a) has no applicability to a deficiency judgment following a judgment of foreclosure by sale; see *Fairfield Plumbing & Heating Supply Corporation* v. *Kosa,* supra; the first sentence of the subsection, including the thirty day time limit, must be construed to apply solely to a strict foreclosure action. Accord D. Caron, "Recent Decisions Refine Foreclosure Deficiency Proceedings," Connecticut Lawyer (Feb. 1991) pp. 3, 9.

---

[3] General Statutes § 49-25 does provide that "[w]hen the court in any such proceeding is of the opinion that a foreclosure by sale should be decreed, it shall . . . appoint three disinterested persons who shall, under oath, appraise the property to be sold and make return of their appraisal to the clerk of the court." "[A]n appraisal under the statute is not conclusive upon a plaintiff . . . as to the value of the property in fixing the amount of the deficiency." *Cronin* v. *Gager-Crawford Co.,* 128 Conn. 688, 692, 25 A.2d 652 (1942). In *Cronin,* we explained that the purpose of this appraisal provision is twofold. First, we reviewed the predecessor to General Statutes § 49-28, General Statutes (1930 Rev.) § 5116, which provides in part that "[i]f the property shall have sold for less than the appraisal provided for in section 5113 [now § 49-25] . . . one-half of the difference between such appraised value and such selling price shall have been credited upon such debt or debts as of the date of sale . . . ." We stated that this provision ensures that "the party who asks [for] and obtains an order of sale in place of a decree of strict foreclosure" bears the loss of value that is likely in a forced sale situation. *Cronin* v. *Gager-Crawford Co.,* supra. Second, we stated that the appraisal "might also serve to assist the court in determining whether or not to approve the sale as one which fairly realized the value of the property." Id.

Our conclusion is further bolstered by the legislature's enactment of statutory guidelines that expressly regulate the procedure for rendering a deficiency judgment following a foreclosure by sale. General Statutes § 49-28[4] provides in relevant part that "[i]f the proceeds of the sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in the cause for the deficiency against any party liable to pay . . . ."

"[S]tatutes are to be interpreted with regard to other relevant statutes because the legislature is presumed to have created a consistent body of law." *Heffernan* v. *Slapin,* 182 Conn. 40, 46, 438 A.2d 1 (1980). The predecessor to § 49-14 was enacted as chapter 129 of the Public Acts of 1878, while the predecessor to § 49-28 was enacted nine years later as § 6 of chapter 109 of the Public Acts of 1887. See *Cronin* v. *Gager-Crawford Co.,* supra, 694. In enacting the latter statute specifically governing deficiency judgments following a judgment of foreclosure by sale, the legislature

---

[4] "[General Statutes] Sec. 49-28. WHEN PROCEEDS OF SALE WILL NOT PAY IN FULL. If the proceeds of the sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in the cause for the deficiency against any party liable to pay the same who is a party to the cause and has been served with process or has appeared therein, and all persons liable to pay the debt secured by the mortgage or lien may be made parties; but all other proceedings for the collection of the debt shall be stayed during the pendency of the foreclosure suit, and, if a deficiency judgment is finally rendered therein, the other proceedings shall forthwith abate. If the property has sold for less than the appraisal provided for in section 49-25, no judgment shall be rendered in the suit or in any other for the unpaid portion of the debt or debts of the party or parties upon whose motion the sale was ordered, nor shall the same be collected by any other means than from the proceeds of the sale until one-half of the difference between the appraised value and the selling price has been credited upon the debt or debts as of the date of sale; and, when there are two or more debts to which it is to be applied, it shall be apportioned between them."

is presumed to have established a statutory procedure that, rather than duplicating existing requirements, established new ones where none had previously existed.[5] Indeed, we recognized in *Cronin* v. *Gager-Crawford Co.*, supra, 694–95, that the predecessor to § 49-14 contemplated a deficiency judgment following a strict foreclosure, while the predecessor to § 49-28 related to a deficiency judgment following foreclosure by sale. See also D. Caron, Connecticut Foreclosures (2d Ed. 1989) §§ 9.05A and 9.05B.

We are further unpersuaded by the defendant's assertion that the lack of a time limit for filing a motion for a deficiency judgment in § 49-28 requires us to construe the thirty day time limit of § 49-14 (a) to apply to a foreclosure by sale. A time limitation is essential in a strict foreclosure situation because determining the value of the property at the time of foreclosure "becomes increasingly difficult as time passes." *Fairfield Plumbing & Heating Supply Corporation* v. *Kosa*, supra, 649. Consequently, a virtually contemporaneous motion for deficiency judgment is warranted. When foreclosure is by sale, in contrast, the sale price automatically determines the value of the property for purposes of establishing the amount of any deficiency. The timing of a motion for a deficiency judgment following a foreclosure by sale is therefore not crucial.

Our conclusion does not leave a debtor remediless in the event of an egregious delay in the filing of a motion for a deficiency judgment. Because a mortgage foreclosure is an equitable proceeding; *Farmers & Mechanics Savings Bank* v. *Sullivan*, 216 Conn. 341, 354, 579 A.2d 1054 (1990); a defendant who is demon-

---

[5] The defendant's contention that the time limitation of General Statutes § 49-14 (a) should be interpreted to apply to a motion for a deficiency judgment following a foreclosure by sale is further undermined by the fact that in 1878, when the predecessor to § 49-14 was enacted, there was not yet a statutory right to a foreclosure by sale. See Public Acts 1887, No. 109, § 1.

strably prejudiced by a plaintiff's delay in filing a motion for a deficiency judgment may invoke the equitable defense of laches. See, e.g., id., 350–51; *Danaher* v. *C.N. Flagg & Co.,* 181 Conn. 101, 107, 434 A.2d 944 (1980). No such defense was, however, raised by the defendant in this case, either in the trial court or on appeal.

We are also not persuaded by the defendant's contention that interpreting § 49-14 (a) to apply solely to deficiency judgments following strict foreclosure actions "would leave deficiencies in foreclosures by sale without the due process protections that were created when Connecticut General Statutes § 49-14 was revised after being found unconstitutional in *Society for Savings* v. *Chestnut Estates, Inc.,* 176 Conn. 563 [409 A.2d 1020] (1979)." "In 1979, the legislature amended the procedure for calculating a deficiency in a *strict* foreclosure action in response to [this court's decision in *Society for Savings* v. *Chestnut Estates, Inc.,* supra,] holding the existing procedure unconstitutional." (Emphasis added.) *Fairfield Plumbing & Heating Supply Corporation* v. *Kosa,* supra, 648. We stated in *Society for Savings* v. *Chestnut Estates, Inc.,* supra, 574, that "[t]he gravamen . . . of the due process attack on § 49-14 is the fact that a debtor is not provided a meaningful opportunity to challenge the determination of value upon which the deficiency judgment against him is predicated." The procedural safeguards added to § 49-14 following our decision in *Society for Savings* are not relevant, however, to a deficiency judgment following a foreclosure by sale because the value of the property for purposes of establishing the amount of any such deficiency is conclusively fixed upon the sale, in which the defendant may participate.

The judgment is reversed and the case is remanded with instructions to rule upon the plaintiff's motion for a deficiency judgment.

In this opinion the other justices concurred.