[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action the plaintiff, New Haven Investments, Inc. Profit Sharing Plan ("New Haven Investments") seeks Foreclosure of a first mortgage. The foreclosure involves two properties owned by the named defendant, Alma Nelson, located in the City of New Haven at 93 Hazel Street and 228 Portsea Street respectively. Alma Nelson allegedly has been in default or installments on interest and principal since September 9, 1990 and New Haven Investments has exercised its option to declare the entire balance of the note due and payable, and to foreclose of its mortgage.
In addition, the plaintiff named as co-defendant Chrysler First Financial Services Corporation ("Chrysler") which holds CT Page 11823 mortgage on 228 Portsea Street by virtue of an assignment of Alma Nelson's mortgage from Family Financial Services, Inc. to Chrysler. Chrysler does not claim priority over the plaintiff's mortgage. To date the defendant, Alma Nelson, in default for failure to appear, has neither filed an answer nor disclosed defense.
On June 27, 1992, Chrysler filed an answer and five special defenses as to the foreclosure of 228 Portsea Street only. In its five special defenses, Chrysler asserts two Truth-In-Lending Act violations, unconscionability, usury, and marshalling of securities.
On October 29, 1992, the plaintiff filed a motion to strike the five special defenses asserted in the original answer Plaintiff claims the defenses are personal to the borrower and are, therefore, unavailable to a second mortgagee. Further, the defense of marshalling is not a recognizable defense but rather remedy under the Connecticut foreclosure statute. In support of its motion the plaintiff filed a memorandum of law which contain no Connecticut law on point except with respect to the defense of usury.
Chrysler filed a memorandum of law in opposition to the plaintiff's motion to strike citing two cases from foreign jurisdictions to support the defenses of a violation of General Statutes 36-2241, the Truth-In-Lending Act, an unconscionability. Chrysler appears to have abandoned its of the special defenses by conceding that usury is a defense personal to the borrower and in not briefing its earlier defense of marshalling. See DeMilo v. West Haven, 189 Conn. 671, 681-82 n. 8 458 A.2d 362 (1983) (where a party fails to brief an issue if is deemed abandoned.)
A motion to strike tests the legal sufficiency of the pleading. Practice Book 152. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). In deciding a motion to strike the court must take the facts to be those alleged in the complaint; Liljedahl Brothers v. Grigsby, 215 Conn. 345, 348-49
576 A.2d (1991); and should construe the challenged allegation in the light most favorable to sustaining the legal sufficiency of the pleading. Bouchard v. Peoples Bank, 219 Conn. 465, 471594 A.2d 1 (1991); Cavallo v. Derby Savings Bank, 188 Conn. 281
283, 449 A.2d 986 (1982). The motion admits facts well pleaded but does not admit legal conclusions or the truth or accuracy o CT Page 11824 the opinions stated in the pleadings. Mingachos v. CBS, Inc.196 Conn. 91, 108, 491 A.2d 363 (1985).
Plaintiff argues that Chrysler attempts to raise the defenses of a violation of the Truth-In-Lending Act unconscionability and usury to prevent the enforcement of the foreclosure action on plaintiff's mortgage on 228 Portsea Street only. No Connecticut court has ruled on the question of whether a subsequent encumbrancer may assert the defenses of unconscionability and Truth-In-Lending Act violations. The two cases cited by Chrysler to support its position that a subsequent encumbrancer may attach the validity of the first mortgage are inapposite to the present case.
In the Massachusetts case, cited by Chrysler, the court held that a second mortgagee is entitled to show that it has superior lien in that the debt securing the first mortgage never existed or that it had been paid. Hart v. Louis S. Levi, Co.,287 N.E.2d 30 (1939). The essential framework of facts in the present case differs from that in the Hart case. Chrysler is not asserting that the first mortgage is void but rather, merely voidable, due to a violation of the Truth-In-Lending Act and to unconscionability. Furthermore, no claim is made by Chrysler that its subsequent mortgage takes priority over New Haven Investments' mortgage. Thus, the Hart case is not persuasive in resolving this question.
The case of Inwood Park Developers, Inc., 434 N.Y.S.2d 3 (1980), which Chrysler cites to support its position that junior lienor may assert a special defense, is equally unpersuasive. In the Inwood case, the New York Supreme Court allowed the junior lienor to assert a defense of fraud in the inducement of the first mortgage only in certain circumstances Chrysler is not asserting a fraud here, and even if it were, it is not clear in Inwood what special circumstances provide for such a defense. Thus, Inwood is neither persuasive nor on point.
An exhaustive search of other jurisdictions did not elicit any cases directly on point. The Connecticut Supreme Court recently decided a case which provides some guidance, albeit inferentially, toward the resolution of the present question. Connecticut Bank Trust Co. v. Carriage Lane Associates,21 Conn. 772, 595 A.2d 334 (1991), the court decided the issue of whether in the absence of an express agreement or showing of faith, a senior mortgagee owes a duty to a junior mortgagee to CT Page 11825 advance the proceeds of a loan to the mortgagor in accordance with the terms of the senior mortgage. The court concluded that the only duty owned by a senior mortgagee to a junior lienor is "one of good faith." Id., 783. Although the issue presented to the court in the Carriage Lane case differs from the present case, a similar rationale can be applied to resolve the question of whether a junior mortgagee can attack the validity of a first mortgage because in both cases a junior lienor asserts a special defense constituting a violation of the first mortgage agreement to which neither was a party.
Briefly, the essential facts as set forth in the Carriage Lane case are as follows. CBT held a first mortgage on property to be developed by Carriage Lane Associates, which agreement included advancement of funds at the sole discretion of CBT as construction progressed. Hychko, the second named defendant held a purchase money mortgage on the same property in which he agreed to subordinate his loan to CBT's. Upon default by Carriage Lane, CBT brought suit to foreclose its mortgage naming all junior encumbrancers as defendants. Hychko was the only defendant to file a special defense and counterclaim. At the trial level the case was disposed of on a motion for summary judgment by F.P., Inc., the substituted plaintiff by assignment of CBT's mortgage and note. F.P. argued for the first time of appeal, whether federal law bars Hychko's assertion of his special defense. Id., 778, n. 7. To resolve that issue, the court stated, "[e]ven if we were to assume that federal law permits Hychko's assertion of his special defense, his defense must still fail, if as a matter of state law, CBT owed him no duty to monitor the manner or amount of its disbursal of funds to Carriage Lane pursuant to the construction mortgage." Id., 780.
 "The rationale for refusing to impose on a first mortgagee a duty, other than one of good faith in the absence of an express agreement," is that it is within the power of the subordinate to refuse to subordinate if the terms of the subordination are not acceptable to him. . . . To find the existence of a legal duty where none is expressed in the contract has much the same effect as judicially rewriting the contract for the parties. Rockhill v. United CT Page 11826 States, 228 Md. 237, 252, 418 A.2d 197 (1980).
Id., 782-83.
By analogy the Court finds that Chrysler cannot impose legal duty on New Haven Investments not to act in such a way as to impair Chrysler's second mortgage with Alma Nelson. The fact that in the Carriage Lane case a construction mortgage for building condominiums and a purchase money mortgage to buy the land on which to build were at issue formed an even stronger argument in that case for allowing the assertion of a special defense. However, the Court in Carriage Lane rejected all defenses but for the one of good faith.
Accordingly, under the reasoning, in the Carriage Lane case this court grants the plaintiff's motion to strike Chrysler "special defenses because New Haven Investments was under no legal duty to Chrysler. Under Connecticut law, Chrysler's remedies as a junior encumbrancer lie after the mortgage has been foreclosed.
THE COURT
Donald W. Celotto, Judge