[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE
The plaintiff, Eastrich Multiple Investor Fund, L.P. (Eastrich), commenced an action to foreclose on a mortgage it holds on real property owned by the defendants, Gary Flyer and Peter Hewitt, d/b/a F.H.K. Associates. Terrance Baxendale and Peter Tortora are also defendants in the action (who will hereinafter be referred to as "Defendants") holding a purchase money mortgage on the property that is subsequent and subordinate to the plaintiff's mortgage. The defendants filed an answer containing two revised CT Page 430-A special defenses based upon laches and equitable estoppel claiming that the plaintiff failed to commence a timely foreclosure of the first mortgage, thereby causing a substantial increase in the debt, and thus eroding the equity in the premises to the detriment of the defendants.
Eastrich filed a motion to strike the defendants' special defenses on the grounds that laches and estoppel are not valid special defenses of a subsequent mortgagee in a foreclosure action, and even if they are valid special defenses, the defendants have failed to sufficiently plead facts that support these defenses.
Pursuant to Practice Book § 152(5), if a party wishes to contest "the legal sufficiency of any answer to any complaint, counterclaim or cross-complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." See Ivey, Barnum O'Mara v. Indian Harbor Properties,Inc., 190 Conn. 528, 461 A.2d 1369 (1983). In considering a motion to strike, the court is "limited to considering the grounds specified in the motion." Kopsick v. Yale University, 6 Conn. L. CT Page 430-B Rptr. 895 (June 24, 1992, Maiocco, J.), quoting Meredith v. PoliceCommissioner of Town of New Canaan, 182 Conn. 138, 438 A.2d 27
(1980).
"In ruling on a motion to strike, the court is limited to the facts alleged in the [contested pleading]. The court must construe the facts in the complaint most favorably to the [non-moving party]." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). The facts to be considered by the court on a motion to strike include the facts that are implied and fairly provable under the allegations. Westport Bank Trust Co. v.Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
Eastrich argues that neither laches, nor estoppel, is a valid special defense of a subsequent encumbrancer in a foreclosure action. The defendants argue that laches is a valid special defense by a mortgagee in a foreclosure action, but do not address the validity of estoppel as a special defense in their memorandum of law.
"In a foreclosure action, defenses are generally limited to CT Page 430-C payment, discharge, release, satisfaction or invalidity of a lien."First Federal v. Kakaletris, 11 Conn. L. Rptr. 113 (February 23, 1994, Karazin, J.). A foreclosure action is an equitable proceeding, and therefore, courts have recognized various equitable defenses including mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure, and a refusal to agree to a favorable sale to a third party. Id., 113-14.
Nevertheless, "only those equitable defenses which attack the making, enforcement or validity of a note or mortgage should be recognized in a foreclosure action." Id., 114. Moreover, "defenses to foreclosure are recognized when they attack the note itself rather than some behavior of the mortgagor." OpticareCenters v. Aaron, Superior Court, judicial district of Waterbury, Docket No. 111491 (February 24, 1994, Sylvester, J.).
Furthermore, with regard to the special defenses that may be asserted in a foreclosure action by a junior encumbrancer against a primary mortgage holder "the field is much narrower." MechanicsSavings Bank v. Townley Corp., 11 Conn. L. Rptr. 292 (April 7, CT Page 430-D 1994, Freed, J.). "The reason for this is obvious. The junior encumbrancer usually has no relationship to the making, validity or enforcement of the note." Id.
In fact, in Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 783, 595 A.2d 334 (1991), the junior mortgagee claimed, as a special defense, that the first mortgagee owed it a duty to monitor the manner in which it provided disbursements as well as the amount of the disbursements of funds to the mortgagor. The Connecticut Supreme Court held that the only duty a senior mortgagee owes to junior mortgagees is one of good faith. Id. The court stated that "[t]he rationale for refusing to impose on a first mortgagee a duty, other than one of good faith, in the absence of an express agreement, `is that it is within the power of the subordinator to refuse to subordinate if the terms of the subordination are not acceptable to him . . . To find the existence of a legal duty where none is expressed in the contract has much the same effect as judicially rewriting the contract for the parties.'" Id., citing Rockhill v. United States, 288 Md. 237,252, 418 A.2d 197 (1980); see also New Haven Investments, Inc. v.Nelson, 8 CSCR 159, 160 (December 18, 1992, Celotto, J.) (holding CT Page 430-E that a secondary mortgagee could not impose a legal duty upon a primary mortgagee not to act in such a way as to impair its mortgage with the mortgagor).
The cases relied upon by the defendants for support of their position that they may assert a special defense of laches are not persuasive. In Baybank Connecticut, N.A. v. Thumlert, 222 Conn. 784,610 A.2d 658 (1992), the court discussed the ability of a defendant who is prejudiced by a plaintiff's delay in filing a motion for a deficiency judgment to invoke the defense of laches, and did not involve a second mortgage. Likewise, Citicorp MortgageInc. v. Kerzer, 8 Conn. L. Rptr. 229 (February 15, 1993, Curran, J.), does not involve a second mortgagee, and does not address the special defenses available to such a lienor.
In the present case, the parties do not dispute that the defendants are secondary mortgage holders. The special defenses of laches and equitable estoppel, as asserted by the defendants, do not constitute valid special defenses against the plaintiff because the plaintiff, as a senior mortgagee, owed no duty to the defendants or junior encumbrancers to commence a foreclosure action CT Page 430-F on the first mortgage. The only duty owed was one of good faith. See Connecticut Bank Trust Co. v. Carriage Lane Associates,
supra, 219 Conn. 783; see also New Haven Investments, Inc. v.Nelson, supra, 8 CSCR 160. The special defenses of the defendants contain no allegations that the plaintiff acted in bad faith.
Accordingly, the plaintiff's motion to strike the defendants' special defenses is granted.
D'ANDREA, J.