[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants in the subject case have objected to plaintiff's Motion for Deficiency Judgment dated August 23, 1994. Plaintiff's motion alleged:
1. A judgment of strict foreclosure entered in the matter on July 14, 1994, and the Court set August 17, 1994 as the law day for the Defendant, Pine Meadow Partnership, owner of the equity of redemption;
2. At the time of the entry of said judgment, the subject property was appraised at a value of $65,000.00, and the Plaintiff's debt was found to be $119,856.37 (exclusive of attorney's fees), plus costs.
3. The said Defendant owner failed to redeem on its law day and all subsequent encumbrancers also failed to redeem;
4. Title to the subject premises vested in the Plaintiff on August 19, 1994. In their objection to this motion, the defendant partnership and the individual partners represented that on July 14, 1994 said defendants specifically reserved their right to contest value and the debt.
The court held a hearing on these motions on June 1, 1995. The file established that the parties stipulated on July 14, 1994 that the defendants would have the right to contest the appraisal value and the debt at the time the deficiency was established. On July 14, 1994, when the judgment of strict foreclosure was entered, the defendant offered no appraisal testimony to the court and did not challenge plaintiff's affidavit of debt which was itemized as follows:
 Principal Balance: $109,108.82 Interest: 10,075.47 Late Charges: 672.08 ----------- Total: $119,856.37 Per Diem: (33.34)
Plaintiff also offered appraisal testimony suggesting a fair market value of the subject property totalling $65,000 allocating CT Page 7842 $30,000 to the land and $35,000 to the improvement.
On or about July 28, 1995, the clerk taxed costs in this matter totalling $1125. This total includes a title search of $150 approved by the court on July 14, 1994 and an appraisal fee of $550 also court approved on that date.
At the hearing on June 1, 1995, both parties offered appraisal testimony. Plaintiffs appraiser asserted that the property had diminished in value between July 14, 1994 and August 19, 1994, the date the title vested resulting in a fair market value on August 19, 1994 of $55,000. This value included an adjustment for the existence of lead paint in the interior. Defendant's appraiser's written appraisal valued the property on two dates. He testified that the fair market value of the property on August 19, 1994 was $79,000 and its value on October 1, 1993 was $87,000. Both of these values reflect an adjustment for the correction of an interior lead paint condition. Defendant's appraiser used the date of October 1, 1993 to provide an evidentiary basis for defendant's argument that the court should find that plaintiff should have completed its foreclosure action by October 1993. Defendant's appraiser also offered his opinion at the hearing that the fair market value of the subject property was $90,000 on June 18, 1993 and $87,000 in September 1993. This testimony was also introduced to show a market decline of 1 percent per month from 1993 through 1994.
The date of June 18, 1993 has relevance to defendant's argument that:
 Defendants suffered damages as a result of plaintiff's failure to foreclose on the property in a timely manner. During this period of delay, the value of the property declined significantly, resulting in an increased deficiency judgment being levied against defendants. As set forth more fully below, equitable principles dictate that plaintiff should not be able to profit from a delay of its own making and the Court should use its equitable powers to remedy the situation.
The support for this argument is as follows:
one: the testimony of defendant William Norrie;
two: Defendant's Exhibit 6, second paragraph; CT Page 7843
 three: undisputed testimony of a rapidly declining real estate market in Meriden during 1993 and 1994.
Mr. Norrie, a general partner in the defendant partnership, testified that because of the declining market the partnership decided to and in fact offered to quitclaim the property to the bank and pay any deficiency. The bank refused this offer. Thereafter, on June 18, 1993, defendant's attorney wrote to the bank (Del. Exh. 6) as follows:
 Notwithstanding the above, my clients wish to enter into an agreement for a voluntary foreclosure immediately. I have full authority to waive any notice of default and to stipulate to a judgment of strict foreclosure and we can address the issue of a deficiency at the appropriate time. Kindly instruct your legal counsel to immediately bring this action. I will accept service on behalf of my clients.
On the basis of this evidence, defendants ask this court to reduce the claim for deficiency on equitable considerations and principles. Hamm v. Taylor, 180 Conn. 491 (1980). BayBank v.Thumlert, 222 Conn. 784, 791-92, essentially because the plaintiff did not act promptly in commencing and concluding the foreclosure action. Defendants seek a credit for interest, costs, diminution of value during the pendency of the action as well as postjudgment interest from the vesting date of August 19, 1994, to the hearing date.
The plaintiff disputes these claims relying on the report and testimony of its appraiser in particular a sale on the same street in June of 1992 for $69,900, in the same declining market as the subject property and the invalidity of Defendant's Exhibit 6 to qualify as a legal tender. Housing Authority of Bridgeportv. Pezenik, 137 Conn. 442, 447 (1951). Defendant further asserts that because the case took only ten months to prosecute any delay was minimal and further that plaintiffs themselves were responsible for some of the ten months it took to obtain a judgment of strict foreclosure.
After reviewing all the claims of both parties and evidence adduced at the hearing, the court finds as follows:
1. The fair market value of the property on August 19, 1994 was $71,000. CT Page 7844
2. The debt due on that date was $121,038.61.
3. Costs are allowed in the amount $1125.
4. A reasonable attorney's fee is found to be $3500.
5. On equitable grounds the court will disallow interest from the date of vesting to the date of deficiency. The deficiency judgment is accordingly found to be $54,663.61.
Dorsey, J. State Trial Referee