[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSES (NO. 105)
On September 26, 1995, the plaintiff, Citicorp Mortgage, Inc., filed a one count complaint in foreclosure against the defendants, Phillip E. Miller and Suzanne J. Kotyuk. The plaintiff alleges that on March 31, 1988 it loaned the defendants $112,500, for which the defendants executed a promissory note, and which is secured by property located in Bridgeport, Connecticut. CT Page 5736 The plaintiff alleges that the defendants defaulted on March 1, 1995.
The defendants filed their answer and five special defenses on March 22, 1996. In their special defenses the defendants allege laches, violation of the covenant of good faith and fair dealing, inequitable conduct, estoppel, and failure to act in a commercially reasonable manner.
On June 13, 1996, the plaintiff filed a motion to strike the defendants special defenses on the ground of legal insufficiency. The defendants filed a memorandum of law in opposition on June 26, 1996, to which the plaintiff replied on July 19, 1996.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the [nonmoving party]." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the [pleading] . . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814
(1992).
The plaintiff contends that the defendants' first special defense of laches is legally insufficient in that the defendants have not alleged an inexcusable delay or prejudice. The defendants argue that such defense goes toward the amount the plaintiff would be entitled to in a deficiency judgment.
"Laches consists of an inexcusable delay which prejudices the CT Page 5737 defendant. . . . Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. . . . Absent prejudice to the defendant, the mere lapse of time does not constitute laches." (Citations omitted; internal quotation marks omitted.)Giordano v. Giordano, 39 Conn. App. 183, 213, 664 A.2d 1136
(1995).
Clearly, the defendants have not alleged any facts regarding any inexcusable delay, or that such delay resulted in prejudice to the defendant. Furthermore, if the defendants are concerned about a future delay in regard to a possible deficiency judgment they are not without remedy. "Because a mortgage foreclosure is an equitable proceeding . . . a defendant who is demonstrably prejudiced by a plaintiff's delay in filing a motion for a deficiency judgment may invoke the equitable defense of laches." (Citation omitted.) Baybank Connecticut, N.A. v. Thumlert,222 Conn. 784, 791-92, 610 A.2d 658 (1992).
The defendants also allege that delay by the plaintiff in bringing this action constitutes a violation of the implied covenant of good faith and fair dealing.
"[E]very contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of theagreement." (Emphasis in original; internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co.,235 Conn. 185, 200, 663 A.2d 1001 (1995).
While every contract does contain an implied covenant of good faith and fair dealing, including the note and mortgage at issue, the plaintiff has not alleged any facts showing a delay, nor how any such delay has injured the defendants' rights to receive the benefits of the agreement.
In special defenses three through five the defendants allege inequitable conduct, estoppel and failure to act in a commercially reasonable manner based on delay in bringing the action and failure to accept a deed in lieu of foreclosure.
However, as discussed above, the defendants have not alleged any facts showing a delay, and further the offer of a deed is not equivalent to a judgment of foreclosure. Bank of BostonConnecticut v. Platz, 41 Conn. Sup. 587, 591-92, 596 A.2d 31
CT Page 5738 (1991). Moreover, the allegations made by the defendants relate to actions of the plaintiff subsequent to the defendants' default, and therefore, do not address the making, validity or enforcement of the note or mortgage rendering such defenses legally insufficient. See, e.g., Berkeley Federal Bank Trust v.Phillips, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317957 (January 23, 1996, West, J.).
Accordingly, the plaintiff's motion to strike the defendants' special defenses is granted.
WEST, J.