[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action originally brought by the Federal Deposit Insurance Corporation, As Receiver for Citytrust as against Richard Fonte, Paul West, William Riebe and Richard Matza. The action against Paul West was resolved by Stipulation to Judgment filed June 26, 1996. The action against Fonte and Riebe has been discharged (i.e. the debt, if any) by the federal Bankruptcy Court. The action against Richard Matza proceeded to trial before this court.
This is an action is pursued by National Loan Investors, L.P., assignees of the interest of FDIC by virtue of an assignment of the promissory note and other appropriate documents, by virtue of an assignment in September 1994.
The action is brought in two counts. The first count seeks collection of a promissory note in the original amount of $350,000 dated November 7, 1986. The promissory note was secured by a Deed of Trust, described in brevity for the purposes of this memorandum, as Northwest Quarter of Section 22, Pima, Arizona. A "Deed of Trust" is a form of mortgage, given under Arizona law, which may be foreclosed under a trustee sale" without prior judicial intervention, or may be foreclosed by a judicial foreclosure. Arizona Laws — A.R.L.33-807. A deficiency judgment may be pursued within ninety days of sale by bringing an action for deficiency judgment, at which time the court determines the "fair market value of the trust property as of the date of sale." See Cardon v. CottonLine Holdings, 123 Ariz. Adv. Rep. 3, P. 4.
The note in question had come into default as of March 1, 1990. The payment record shows that the note at that time had its original principal balance of $350,000 still outstanding, but the installment interest due March 1, 1990 had not been paid, and hence Citytrust declared the note to be in default, hence accelerating the note. A Trustee's Sale was scheduled for October 23, 1990. See the recitation in the Forebearance Agreement, signed by Richard Matza, dated October 23, 1990. Plaintiff's Exhibit 3. The statutory procedures for a Trustee's Sale are set forth in Arizona Revised Statutes Sec.33-808 to 33-814, which provide for notice by publication, and by mailing of notice to each person who has an interest of record in the trust property.
To induce Citytrust to forebear the Trustee Sale the defendant and the other obligees in the note agreed with CT Page 8106 Citytrust that Citytrust would "continue the Trustee's Sale for a period of (6) months." The parties under this note, and the forebearance agreement, are Southwest Professional Properties, S.P.P., Richard Matza signing individually and as general partner. As additional security S.P.P. agreed to and did grant to Citytrust a Deed of Trust encumbering an additional portion of the Northwest Quarter of Section 22, Pima, Arizona. In the agreement S.P.P. reaffirms its liability under the existing note. The agreement also gives to S.P.P. the prerogative to sell the original trust deed property on or before April 30, 1991, and if not sold the Citytrust can proceed to sell both the original trust deed property and the additional Trust Deed property.
The second court of the complaint incorporates Counts 1 through 17, and claims default of the Forebearance Agreement, entitling the plaintiff to proceed on the Promissory Note.
The evidence produced at the trial results in the following conclusions. Both the original trust agreement property and the additional trust agreement property were sold by the trustee at "trustee's sales", under the provision of Arizona law. The second property produced an amount of $20,029.21, which was credited against the principal then balance of $350,000. This credit was applied on March 16, 1993. The first of the trustee properties was also sold. Outstanding taxes were in the eighty to one hundred thousand dollar range. After payment of the taxes the amount of $108,786.09 was credited to the outstanding interest, thus leaving a balance of $329,970 outstanding principal as of May 15, 1994. No evidence is furnished to this court as to what was the actual sale price as concerns the first of the Trust Deed properties. Defendant's Exhibit C reflects that as of February 1, 1994 accumulated interest was $27,887.84, this being subsequent to the $108,786.09 interest payment of March 16, 1993.
 I
The defendant asserts seven special defenses to this action. A matter of preliminary consideration is the plaintiff National Loan Investors L.P. contention that it is a holder in due course and hence is not subject to defenses as concerns the promissory note. However, the plaintiff's memorandum of law, November 2, 1994, in support of its motion CT Page 8107 to substitute, states that the note was assigned to it in September 1994. There is no question that the plaintiff had actual notice that the note was overdue, at that time. A transferee cannot be a holder in due course under these circumstances, as provided by General Statutes § 42a-3-302, the Uniform Commercial Code, or under the law merchant as incorporated by the common law of this state. The plaintiff would be subject to defenses pertaining to the promissory note
 II
The defendant asserts, as a special defense, that "6. The plaintiff failed to bring an action to recover payments due within the time permitted by applicable law."
It is the defendant's position that because under Arizona law a deficiency judgment cannot be had unless, within 90 days of a Trustee's Sale a deficiency judgment action is commenced. Otherwise no further action can be brought on this promissory note. The defendant further appears to claim that the result would be the same under Connecticut law because General Statutes § 49-1 provides that "The foreclosure of a mortgage is a bar to further action upon the mortgage debt" and argues that the remedy of seeking a deficiency judgment within thirty days of the foreclosure is the exclusive remedy to allow further action in the mortgage debt.
This argument fails for several different reasons. First, the promissory note provides that "This note shall be governed by and construed in accordance with the laws of the State of Connecticut." The Arizona Supreme Court, in Cardonv. Cotton Lane Holdings, supra, determines that where the chosen state, in the note, has a substantial relationship to the parties in the transaction, the law of the state of choice will govern as concerns the matter of a deficiency judgment.
In Cardon v. Cotton Lane Holdings the bank was located in California and the note designated California law. Although it is not clear from the decision, it appears that the defendants were Arizona residents and the defendant partnership is an Arizona partnership. The decision reads . . . Mr. Cardon made several trips to California to negotiate a loan . . ." Nonetheless, with such diversity of residence, the Arizona Court chose California as the choice of CT Page 8108 law as to the matter of further action on the note, the matter of a deficiency judgment. In the present case all of the parties are Connecticut parties — the bank is in Bridgeport and each of the makers of the note are Connecticut residents, per the addresses on the face of the process and the towns of residence set forth in the Forebearance Agreement.
The location of the parties, all in Connecticut, presents even a stronger case, under the Cardon case, supra, so as to determine that Arizona would look to Connecticut as the choice of law as concerns further action on the note. If Connecticut choice of law were to refer to Arizona law in the first instance, yet the choice of law of Arizona would relegate the choice of law back to Connecticut. Hence, what is referred to in the law of Choice of Law as "Renvoi" — a referral of the court back to the forum. (See Black's Law Dictionary, Revised Fourth Edition, P. 1462. The choice of law as to further action on the note is the law of the State of Connecticut.
Under Connecticut law the provisions of General Statutes § 49-1 are not a bar to further action on the debt.
 "; but the foreclosure is not a bar to any further action upon the mortgage debt, note or obligation as to any person liable for the payment thereof upon whom service of process to constitute an action in personam could not have been made within this state at the commencement of the foreclosure."
General Statutes § 49-1.
No argument is advanced that in an Arizona type of foreclosure action the Courts of the state of Arizona could have accomplished "an action in personam" as against a Connecticut resident through any type of service of process in this state. The defendant does not advance this proposition, and properly so. Under Connecticut law an Arizona in rem action, a foreclosure, would not bar further action against a person not personally served.
Further, if the Trustee Sale in Arizona was to be considered to be a foreclosure by sale for the purpose of applying rules for a deficiency judgment following foreclosure by sale, yet the time limitations in Connecticut for deficiency judgments under General Statutes § 49-14 clearly do CT Page 8109 not apply to foreclosure by sale.
 "We agree with the plaintiff that the thirty day time limitation § 49-14 (a) is inapplicable to a motion for a deficiency judgment following a judgment of foreclosure by sale and, accordingly, do not address the plaintiff's remaining two
Bay Bank Connecticut N.A. v. Thumlert, 222 Conn. 784, 787
(1992).
Two further claims are raised by the defendant, in the pleadings and/or in the brief filed by the parties on July 10, 1996 as ordered by the court. First, the defendant, by special defense, claims "the plaintiff has waived its right to collect payment" and second "The plaintiff is estopped from asserting its right to collect payment."
As previously stated, the sales proceeds of the trust deed sales were credited against the account on March 16, 1993. This action was commenced by service of process on June 2, 1993. Although the court does not find in the evidence a precise date of sale, this action commenced in Connecticut may even be within the 90-day provision of the Arizona statute, if that statute was applicable. In any event, the Supreme Court, in Bay Bank Connecticut N.A. v.Thumlert, supra; states "a defendant who is demonstrably prejudicial by a plaintiff's delay in filing a motion for a deficiency judgment may invoke the equitable defense of laches." The court determines, in the instant case, that no delay did in fact occur and even if it did the defendant has demonstrated no prejudice whatsoever by virtue of delay.
The defendant further asserts in its special defenses "5. Any recovery by the plaintiff is subject to a set off in the amount of the fair market value of the trust property on the date of sale or the sale price at the trustee sale, whichever is higher."
This court does note that the Supreme Court, in Bay BankConnecticut, N.A. v. Thumlert, supra, states in the footnote on page 789, General Statutes § 49-25, the foreclosure by sale procedure, requires the appointment of appraisers prior to the sale to assist the court in thereafter determining "whether or not to approve the sale as one which fairly realized the value CT Page 8110 of the property." This court shares the concern of the Supreme Court that there be some post-sale judicial protection available to the mortgagor to guard against an unconscionable windfall. Hence this court was fully prepared to hear any evidence which the defendant chose to produce as to the value of the trust properties as of the date of sale, in support of his special defense #5, and to apply whatever equitable considerations as may have been required from the results thereof, in reduction of the debt.
The defendant chose to produce no evidence whatever on that subject. He cannot now be heard to complain that judicial safeguards are not or were not available to him as concerns the value of the properties. The court further notes that although the defendant testified at this trial, he did not testify or give any evidence to the effect that he did not know of or was not giver advance notice of the scheduled trustee sales, or that he was in any fashion deprived of an opportunity to attend, to bid at, or to otherwise participate in the trustee sales.
The additional special defenses of the defendant, failure to state a cause of action and lack of jurisdiction have not been pursued by the defendant at trial or in the brief, and they are without merit in any event.
The court finds for the plaintiff in this action, both on the first count of the complaint, the note, and on the second count, the Forebearance Agreement.
As to the matter of damages. The testimony of the plaintiff's representative is that as of this date, June 26, 1996, the principal balance is $329,970.09 with interest to date of $115,362.97 for a total of $445,333.06. The note confesses attorneys' fees. The bill of Attorney Sansone, entered as plaintiff's Exhibit 2, without objection by the defendant or cross-examination thereon, relates 102 hours for Attorney Sansone at $185 per hour, plus additional time for paralegals and law clerks. The court determines that the total bill of $19,957 is fair and reasonable, and hence awards for costs of collection in that amount.
Judgment enters for the plaintiff in the amount of $465,290.06. CT Page 8111
L. Paul Sullivan, J.