[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 16, 1997, New Haven Savings Bank, the plaintiff filed this one count foreclosure action against the defendant, Julie and Anthony Giordano (Giordano) and Connecticut Bank of Commerce. The plaintiff alleges the following facts in its complaint. On September 27, 1991, Julie Giordano mortgaged property located in the Town of Guilford to the plaintiff in order to secure a $150,000 line of credit that the Giordanos received from the plaintiff. As proof thereof, the plaintiff attached to the complaint a promissory note and mortgage deed that were executed by the Giordanos. The Giordanos failed to pay the installments of principal and interest as required and the plaintiff demanded payment in full of the mortgage debt of $150,000 in principal plus interest and other expenses. The mortgaged property was subject to a tax lien in favor of the Town of Guilford and the other named defendant, Connecticut Bank of Commerce, held a second mortgage in the amount of $65,000. The plaintiff sought to foreclose its mortgage, take possession of the property, and obtain a deficiency judgment against the Giordanos.
On July 30, 1997, the plaintiff moved for judgment of strict foreclosure. In response this court ordered a foreclosure by sale on September 22, 1997. Also, the plaintiff filed an affidavit of debt and asserted that the debt owed to them including principal, interest, and late charges totaled $199,212.06. The foreclosure proceedings progressed accordingly and the property sold by auction on February 7, 1998 for $196,000. The court appointed committee filed a motion for approval of the sale and allowance of fees an expenses which this court granted on April 6, 1998.
On May 7, 1998, the defendant, Connecticut Bank of Commerce filed a motion for a deficiency judgment and asserted that based on the foreclosure sale a deficiency remained. Connecticut Bank asserts that the proceeds from the foreclosure sale will not satisfy their mortgage and seek a deficiency against the Giordanos for the amount set forth in its affidavit of debt ($81,299.44 including principal, interest and expenses). Neither the plaintiff nor the Giordanos filed objections to Connecticut Bank's motion. The Giordanos, however, argued at the hearing that the defendant's motion for deficiency was untimely. CT Page 13119
In support of its motion, Connecticut Bank argues that its motion was timely filed, because General Statutes § 49-28
which applies to the foreclosure by sale setting, does not set a time limitation in which a motion for deficiency must be filed. The Giordanos assert that Connecticut Bank failed to file the motion within twenty days after the court approved the sale, therefore Connecticut Bank's motion is untimely.
"[S]tatutory guidelines . . . expressly regulate the procedure for rendering a deficiency judgment following a foreclosure by sale. General Statutes § 49-28 provide in relevant part that `[i]f the proceeds of the sale are not sufficient to pay in full the amount secured by any mortgage or lien thereby foreclosed, the deficiency shall be determined, and thereupon judgment may be rendered in the cause for the deficiency against any party liable to pay . . .'" Bay Bank,N.A. v. Thumlert, 222 Conn. 784, 790, 610 A.2d 578 (1992).
General Statutes § 49-28 provides the guidelines for a deficiency judgment after a foreclosure by sale and does not set a time limitation to submit the motion for deficiency judgment. Although the Giordano's assert that a twenty day limit applies, no such limitation is set forth in § 49-28. General Statutes § 49-14(a) sets a limit on filing a deficiency judgment, however that time limitation applies only to deficiency judgments in the strict foreclosure setting. See New England Savings Bankv. Lopez, 227 Conn. 270, 278, 630 A.2d 1010 (1993) (General Statutes § 49-14(a) applies only to deficiency judgments in strict foreclosure Actions; Bay Bank Connecticut, N.A. v.Thumlert, supra, 22 Conn. 788 (the legislature intended the time limitation of § 49-14(a) to apply only to motion for deficiency judgments filed after a strict foreclosure proceeding): Webster Bank v. Haddad, Superior Court, Judicial District of Danbury, Docket No. 320529 (March 15, 1996, Moraghan, J.) (16 CONN. L. RPTR. 326, 327 n. 1) (same). The court in BayBank found that although the time limitation of § 49-14(a) was essential to a strict foreclosure situation, the timing of a motion for deficiency in a foreclosure by sale was not as crucial. Bay Bank Connecticut v. Thumlert, supra,222 Conn. 791.
The motion of Connecticut Bank for a deficiency judgment may be granted, as the motion was timely filed and is permissible pursuant to § 49-28 and the time limitation of § 49-14(a) does not apply to a foreclosure by sale. CT Page 13120
Donald W. Celotto Judge Trial Referee