[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#127)
On April 6, 1998, the plaintiff, Federal Deposit Insurance Corporation (FDIC), as receiver for Bank of Stamford filed a complaint against the defendants, Michael Cantore, Ann Cantore, Peter King, and the Internal Revenue Service.[1] Subsequently, the plaintiff filed a revised complaint on November 22, 1998. The plaintiff alleges that the defendant, Michael Cantore (hereinafter the defendant) issued a note to the Bank of Stamford secured by the defendant's property of 262 Barncroft Road, Stamford. Additionally, the plaintiff alleges that the defendant defaulted on the note. As a result the alleged default, the plaintiff seeks foreclosure of the defendant's property.
On February 8, 1999, the defendant filed an answer to the plaintiff's complaint. In his answer, the defendant asserted the following special defenses: usury, res judicata and collateral estoppel, statute of limitations, lack of consideration, laches, and lack of authority over the property.[2] The plaintiff moved to strike all of the defendant's special defenses. In accordance with Practice Book § 10-42, the plaintiff filed the requisite memorandum of law. Responding to the motion to strike, the defendant filed a memorandum of law in opposition. The plaintiff filed a reply memorandum to the defendant's objection to the motion to strike.
"[A] plaintiff can [move to strike] a special defense. . . ."Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978); see alsoConnecticut National Bank v. Vooq, 233 Conn. 352, 354-55,659 A.2d 172 (1995). "Whenever any party wishes to contest . . . the legal sufficiency of any answer . . . including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "A motion to strike is properly granted if the [special defense] . . . alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixCT Page 333Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). In deciding a motion to strike, the court construes the facts in favor of the non-moving party. SeeFaulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997).
The plaintiff moves to strike all of the defendant's remaining special defenses on the grounds that each special defense fails to pertain to the making, enforcement, or validity of the note or mortgage.[3] Indeed, an equitable defense to a foreclosure action must pertain to the making, validity, or enforcement of a note or mortgage. See Southbridge Associates, LLC v. Garofalo,53 Conn. App. 11, 16-17, 728 A.2d 1114, cert. denied, 249 Conn. 919 (1999). Accordingly, the court will address separately the legal sufficiency of each of the defendant's special defenses.
A. First Special Defense of Usury
The plaintiff moves to strike the defendant's special defense of usury on the ground that General Statutes § 37-9 (3) exempts mortgages on real property in excess of $5,000 from usury.[4] The plaintiff further moves to strike on the ground that the defendant failed to allege sufficient facts to support a usury defense.
Usury constitutes a valid defense to a foreclosure action. See, e.g., Bank of America National Trust v. Robertson, judicial district of Stamford/Norwalk at Stamford, Docket No. 124622 (February 23, 1999, Hickey, J.); Federal National Mortgage v.Mallozzi, judicial district of Stamford/Norwalk at Stamford, Docket No. 165698 (February 10, 1999, Hickey, J.); Fleet Bank v.Barlas, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 518205 (June 29, 1994, Aurigemma, J.). Consequently, the defendant may raise the defense of usury to defend against the plaintiff's foreclosure action. "The court may later determine that usury laws do not apply to this transaction, but viewing the special defense in the light most favorable to the defendant, the defense of usury is sufficiently stated."Shawmut Bank v. Wolfley, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 130109 (January 24, 1994, Dean, J.) (9 C.S.C.R. 216). Here, the defendant sufficiently alleges the special defense of usury. Accordingly, the court denies the plaintiff's motion to strike the defendant's special defense of usury. CT Page 334
B. Second Special Defense of Res Judicata
The plaintiff moves to strike the defendant's special defense of res judicata on the ground that a dismissal for lack of diligence fails to qualify as an adjudication on the merits. "[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim (Emphasis in original; internal quotation marks omitted.) LindenCondominium Assn., Inc. v. McKenna, 247 Conn. 575, 594,726 A.2d 502 (1999). However, "a dismissal entered pursuant to [Practice Book § 14-3] is not an adjudication on the merits that can be treated as res judicata." (Internal quotation marks omitted.)Lacasse v. Burns, 214 Conn. 464, 473, 572 A.2d 357 (1990).[5]
In the present case, the Bank of Stamford initiated a prior foreclosure action against the defendant in Superior Court, Docket Number 119532 on September 19, 1991. Subsequently, on December 12, 1997, the court dismissed the prior foreclosure action pursuant to Practice Book § 14-3. Consequently, the court failed to enter a final judgment on the merits in the prior foreclosure action. See Lacasse v. Burns, supra, 214 Conn. 473. Accordingly, the court grants the plaintiff's motion to strike the defendant's special defense of res judicata. See Neylan v.Pinsky, Superior Court, judicial district of New Haven at New Haven, Docket No. 375368 (October 9, 1997, Zoarski, J.) (striking the defendant's special defense when a final judgment on the merits was not rendered)
C. Third Special Defense of Statute of Limitations
The plaintiff moves to strike the defendant's third special defense of statute of limitations on the ground that it commenced its foreclosure action within the statute of limitations. The defendant, however, argues that the statute of limitations for this action is set forth in the Federal Institutions Reform, Recovery and Enforcement Act of 1994 (FIRREA),12 U.S.C.A. § 1821(d)(14) (1999). Construing the factual allegations in a manner most favorably to the defendant, the statute of limitations set forth in FIRREA may govern this foreclosure action. See Franklin Credit Management Corp. v. Nicholas,
Superior Court, judicial district of New London at New London, Docket No. 546721 (April 27, 1999, Parker, J.) (holding that the FIRREA statute of limitations applies when the FDIC became a CT Page 335 receiver for the insolvent bank).
The court denies the plaintiff's motion to strike the defendant's third special defense because the dates specified in the revised complaint fail to prove conclusively that the plaintiff tolled the statute of limitations. "In most cases the legal question of whether a cause of action is barred by the statute of limitations cannot be decided on a motion to strike. An exception exists [when] . . . the special defense relies upon the dates in the complaint." Frederick v. Schrier Brothers, Inc.,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 302860 (May 20, 1994, Fuller, J.). The FIRREA statute of limitations requires a determination of the "date on which the cause of action accrues." See 12 U.S.C.A. § 1821(d)(14)(B) (1999).[6] Here, the court cannot determine when the plaintiff's cause of action accrued because the plaintiff failed to indicate in the complaint the precise dates when the defendant defaulted.[7] Consequently, the court cannot determine whether or not the plaintiff tolled the FIRREA statute of limitations based upon the allegations in the revised complaint. Accordingly, the court denies the plaintiff's motion to strike the defendant's third special defense.
D. Fifth Special Defense of Laches
The plaintiff moves to strike the defendant's fifth special defense on the ground that the filing of the foreclosure action failed to unduly prejudice the defendant. Laches applies to equitable proceedings such as foreclosure actions. See BayBankConnecticut, N.A. v. Thumlert, 222 Conn. 784, 791-92,610 A.2d 658 (1992). "Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant." (Internal quotation marks omitted.) Emerick v. Emerick, 28 Conn. App. 794, 803-04,613 A.2d 1351, cert. denied, 224 Conn. 915, 617 A.2d 171 (1992). Here, the
defendant failed to plead any facts that demonstrate that he was prejudiced by any delay of the plaintiff in initiating this foreclosure action. As a result, the defendant failed to sufficiently raise the defense of laches. See Todd M. v. RichardL., 44 Conn. Sup. 527, 542, 696 A.2d 1063 (1995) (striking the defendant's special defense of laches when the "defense fails to allege any facts to support the contention that the plaintiff's delay is prejudicial to the defendants"); Hiltunen v. Hiltunen,
Superior Court, judicial district of Stamford/Norwalk at CT Page 336 Stamford, Docket No. 157415 (November 13, 1997, Lewis, J.) (striking the defendant's special defense when "the defendants fail to plead facts that, if proven true, would establish the application of the doctrine of laches") Accordingly, the court grants the plaintiff's motion to strike the defendant's fifth special defense of laches.
Based on the foregoing, the court grants the plaintiff's motion to strike the defendant's second special defense of res judicata and fifth special defense of laches. The court, however, denies the plaintiff's motion to strike the defendant's first special defense of usury and third special defense of statute of limitations.
Rodriguez, J.