FAIRFIELD PLUMBING AND HEATING SUPPLY CORPORATION *v.* WILLIAM J. KOSA
(14294)

PETERS, C. J., SHEA, CALLAHAN, GLASS and COVELLO, Js.

Argued October 31—decision released December 17, 1991

*Joel Z. Green,* for the appellant (plaintiff).

*David G. Volman,* for the appellee (defendant).

PETERS, C. J. The principal issue in this appeal is whether a judgment creditor who has foreclosed upon a judgment lien pursuant to General Statutes § 52-380a (c)[1] is entitled to a deficiency judgment pursuant to General Statutes § 49-14 (a).[2] After concluding that the provisions of § 49-14 (a) concerning deficiency judgments do not apply to judgment lien foreclosure proceedings, the trial court, *Jones, J.*, ruled that the plaintiff, Fairfield Plumbing and Heating Supply Corporation, was not entitled to a deficiency judgment against the defendant, William Kosa. The plaintiff appealed the denial of its motion for a deficiency judgment to the Appellate Court and we transferred the appeal to this court pursuant to Practice Book § 4023. We reverse.

On November 22, 1988, the plaintiff obtained a judgment against the defendant in connection with an action on an account for plumbing hardware and supplies sold and delivered by the plaintiff to the defendant. Pursuant to § 52-380a (a),[3] the plaintiff recorded a judgment lien on the land records of the towns of Fairfield and Easton on December 15, 1988. At that time, the defendant owned a one-half interest in properties

[1] General Statutes § 52-380a provides in pertinent part: "(c) A judgment lien on real property may be foreclosed or redeemed in the same manner as mortgages on the same property."

[2] General Statutes § 49-14 provides in pertinent part: "(a) At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."

[3] General Statutes § 52-380a provides in pertinent part: "(a) A judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any real property by recording, in the town clerk's office in the town where the real property lies, a judgment lien cer-

located in each town. On June 12, 1989, because the judgment debt had not been satisfied, the plaintiff commenced a foreclosure action on both properties in the Superior Court for the judicial district of Fairfield.[4] The plaintiff sought relief in the form of strict foreclosure and a deficiency judgment.[5] On March 5, 1990, the trial court rendered a judgment of strict foreclosure on the Fairfield property. In that proceeding, the trial court, *Thim, J.*, determined that the debt owed to the plaintiff was $152,210.12[6] and set May 1, 1990, as the law day. When the defendant did not redeem on May 1, the title to the one-half interest in the Fairfield property vested in the plaintiff. The plaintiff took title to the property subject to prior encumbrances.

Alleging that the value of the one-half interest in the property minus the encumbrances that were superior in right was less than the value of the judgment, the plaintiff filed a motion for a deficiency judgment pursuant to § 49-14 (a) within thirty days of the vesting of title in the plaintiff. See Practice Book § 528. At the hearing held in conjunction with the motion, the trial

tificate, signed by the judgment creditor or his attorney or personal representative, containing: (1) A statement of the names and last-known addresses of the judgment creditor and judgment debtor, the court in which and the date on which the judgment was rendered, and the original amount of the money judgment and the amount due thereon; and (2) a description, which need not be by metes and bounds, of the real property on which a lien is to be placed, and a statement that the lien has been placed on such property.''

[4] The plaintiff subsequently learned that the value of the encumbrances that were superior and prior in right to the plaintiff's judgment lien on the Easton property exceeded the fair market value of the premises. Accordingly, the plaintiff withdrew those portions of its complaint that related to the Easton property.

[5] The plaintiff also sought monetary damages, possession of the liened premises, reasonable attorney's fees, interests, costs of suit and such other and further relief available in law or equity.

[6] This figure includes the original judgment of $132,482.01 plus costs, interest and attorney's fees. A basis for the award of attorney's fees is not disclosed by the record and is not challenged on appeal.

court, *Jones, J.,* heard extensive testimony from both parties about the value of the subject property[7] and the amount of the encumbrances that were superior to the plaintiff's interest in the property. The court thereafter denied the plaintiff's motion, not on evidentiary grounds, but because of its conclusion that, as a matter of law, the provisions with respect to deficiency judgments contained in § 49-14 (a) did not apply to the foreclosure of a judgment lien. The court made no findings concerning the amount of the deficiency claimed by the plaintiff.

Section 49-14 (a) provides that any party to a *mortgage foreclosure* may, within thirty days after the time limited for redemption, file a motion seeking a deficiency judgment. The court must then hold a hearing, hear evidence, establish a value for the mortgaged property, and render judgment for the mortgagee for any difference between such value and the mortgagee's monetary claim.[8] In any further action upon the debt, note or obligation, the mortgagee can recover only the amount of such deficiency judgment. The question before us is whether § 52-380a (c), which provides that "[a] judgment lien on real property may be foreclosed or redeemed in the same manner as mortgages on the same property," incorporates by implied reference the deficiency judgment provisions of § 49-14 (a). We agree with the plaintiff that the two statutes must be read

---

[7] The plaintiff presented evidence that the value of the property was $315,000 at the time of foreclosure while the defendant presented evidence that the value was $500,000.

[8] This section applies only to deficiency judgments in strict foreclosure actions. When a foreclosure is by sale, the court appoints three disinterested persons to appraise the property and submit a report to the clerk of the court. General Statutes § 49-25. An appraisal upon a foreclosure of this nature is not conclusive as to the value of the property. *Cronin* v. *Gager-Crawford Co.,* 128 Conn. 688, 692, 25 A.2d 652 (1942). Rather, the price realized upon the sale of the property fixes the amount for which a deficiency may be entered pursuant to General Statutes § 49-28. See also D. Caron, Connecticut Foreclosures (2d Ed. 1989) § 9.05B, p. 161.

together to afford the plaintiff access to a proceeding to determine the deficiency remaining after strict foreclosure of a judgment lien.

I

At common law, a mortgagee was required to elect between a foreclosure action or an action on the underlying debt. In *Derby Bank* v. *Landon,* 3 Conn. 62, 63 (1819), this court held that "a foreclosure and consequent possession, is in the nature of satisfaction of a debt secured by mortgage. It is deemed an appropriation of the thing pledged, in payment of the demand, for which it was security."[9] See also *Swift* v. *Edson,* 5 Conn. 532, 534–35 (1825). Because the entry of judgment of foreclosure precluded any further common law proceedings upon the note, the legislature, in Public Acts 1833, c. 18, §§ 1, 2, created the remedy of the deficiency judgment as the only available means of satisfying a mortgage debt when the security is inadequate to make the plaintiff whole. D. Caron, Connecticut Foreclosures (2d Ed. 1989) § 9.05A, p. 158. "[A] statute forbidding suit upon the . . . original indebtedness to recover the deficiency, does not operate to prevent suit upon a judgment for deficiency actually obtained in a foreclosure action." 2 C. Wiltsie, Mortgage Foreclosure (4th Ed. Eager 1927) § 949, p. 1206.

Before rendering a deficiency judgment, the court must have a mechanism for establishing the value of the subject property to determine whether and to what extent a deficiency exists. While a foreclosure by sale automatically establishes the value of the property, a strict foreclosure does not have this secondary conse-

---

[9] This common law rule is now codified in General Statutes § 49-1, which provides in part that "[t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure."

quence. Only a proceeding for a deficiency judgment following a strict foreclosure establishes the amount of remaining indebtedness. In 1878, the predecessor to § 49-14 (a) "provide[d] for an appraisal which [was] conclusive as to the value of the property where a deficiency [was] sought by the plaintiff upon a strict foreclosure . . . ." *Cronin* v. *Gager-Crawford Co.*, 128 Conn. 688, 694, 25 A.2d 652 (1942). Prior to 1979, the statute required the court presiding over the foreclosure action to appoint three disinterested persons to appraise the property. The appraisers were to submit a written report of their appraisal to the clerk of the court in which the foreclosure was had and the report was to be a part of the file of the foreclosure suit. The appraisal was final and conclusive as to the value of the mortgaged property. Mere subtraction was all that was required to render a deficiency judgment.

In 1979, the legislature amended the procedure for calculating a deficiency in a strict foreclosure action in response to a decision by this court holding the existing procedure unconstitutional.[10] See Conn. Joint Standing Committee Hearings, Judiciary, Pt. 2, 1979 Sess., pp. 539-52. The only change wrought by the amendment contained in § 49-14 (a) is the procedure by which the valuation of the mortgaged property is accomplished. Following the amendment, if a motion for deficiency judgment is filed within thirty days after the time limited for redemption, the court hears evidence on the value of the property from both parties and then establishes a conclusive valuation of the property.

---

[10] In *Society for Savings* v. *Chestnut Estates, Inc.*, 176 Conn. 563, 576-77, 409 A.2d 1020 (1979), this court held that certain provisions of the former General Statutes § 49-14 violated due process. We concluded that the failure of the statute in effect at the time to mandate a hearing before the trial court where the defendant could present evidence as to value and cross-examine witnesses deprived the defendant of his constitutional right of confrontation.

## II

In light of this history, we agree with the defendant's observation that the remedy of a deficiency judgment is necessary in mortgage foreclosures because a judgment of foreclosure precludes further proceedings on the underlying debt. Concededly, a judgment of foreclosure does not have the same effect on a judgment lien. Foreclosing on a judgment lien does not extinguish the original judgment, which continues to be valid as to any uncollected portion. Cf. *Gushee* v. *Union Knife Co.*, 54 Conn. 101, 107, 6 A. 192 (1886). The defendant maintains that this distinction in rationale obviates the need for granting a deficiency judgment to the holder of a partially unsatisfied judgment lien. We are unpersuaded.

It is true that, unlike a mortgagee, a judgment lienor may pursue a debtor in a separate action, i.e., through execution pursuant to General Statutes § 52-350f. Thus, the process for obtaining a deficiency judgment contained in § 49-14 (a) is not absolutely necessary to a judgment creditor left with a partially unsatisfied judgment following a strict foreclosure. Undoubtedly, however, in a separate action maintained by the judgment creditor, the debtor would raise the claim of whole or partial satisfaction of the debt in a set-off. At that point, in order to calculate the amount of the judgment that had been satisfied through strict foreclosure, the court would be required to determine the value of the property at the time of foreclosure. This becomes increasingly difficult as time passes. Outside of the process prescribed by § 49-14 (a), there is no other procedural framework for establishing the value of the property contemporaneously with a strict foreclosure on a judgment lien.[11] Thus, even though the alternative proce-

---

[11] In the present case, in response to the plaintiff's motion for a deficiency judgment pursuant to General Statutes § 49-14 (a), the trial court held a

dure of bringing a separate action may be available to a judgment lienor, it is far more efficient for the parties and the court to have the issue of valuation determined as part of the foreclosure proceeding rather than as part of a subsequent action. We are unpersuaded that the legislature, in enacting the predecessors to both §§ 52-380a (c) and 49-14 (a) in 1878, intended to leave only an inefficient lien enforcement procedure for judgment lienors, while creating such an efficient and logical procedure for mortgagees.

Our construction of § 49-14 (a) as applicable both to the strict foreclosure of a mortgage and to the strict foreclosure of a judgment lien finds further support when we consider related rights arising out of a foreclosure by sale proceeding. With regard to such foreclosures, the legislature has not distinguished between mortgagees and judicial lienholders. General Statutes § 49-28 explicitly provides for a deficiency judgment in a foreclosure by sale when "the proceeds of a sale are not sufficient to pay in full the amount secured by any mortgage *or lien* thereby foreclosed . . . ." (Emphasis added.) Having afforded a judgment lienor in this state a deficiency judgment in a foreclosure by sale, the legislature probably did not intend to differentiate between mortgages and liens with respect to deficiency judgments in strict foreclosures. We can discern no policy reason why the legislature would have required a judgment lienor to pursue a foreclosure by sale rather than a strict foreclosure in order to obtain a deficiency judgment.

"[C]ompelling principles of statutory construction . . . require us to construe a statute in a manner that will not thwart its intended purpose or lead to absurd results. *Sutton* v. *Lopes,* 210 Conn. 115, 121, 513 A.2d

hearing to determine the value of the foreclosed upon property and prior encumbrances just three months after the strict foreclosure judgment entered.

139, cert. denied sub nom. *McCarthy* v. *Lopes,* 479 U.S. 964, 107 S. Ct. 466, 93 L. Ed. 2d 410 (1986); *Narel* v. *Liburdi,* 185 Conn. 562, 571, 441 A.2d 177 (1981), cert. denied, 456 U.S. 928, 102 S. Ct. 1974, 72 L. Ed. 2d 443 (1982). We must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve. *Peck* v. *Jacquemin,* 196 Conn. 53, 63–64, 491 A.2d 1043 (1985)." *Turner* v. *Turner,* 219 Conn. 703, 712–13, 595 A.2d 297 (1991).

The predecessor to § 49-14 (a), as originally enacted in 1878, provided that the appraisal report was to be "a part of the files of such foreclosure suit, and such appraisal shall be final and conclusive as to the value of such mortgaged property." The valuation of the property was, and remains, part of a strict foreclosure action. We are persuaded that when the legislature wrote, in the same year, that "[a] judgment lien on real property may be foreclosed or redeemed in the same manner as mortgages on the same property," it intended precisely that. Every aspect of a mortgage foreclosure applies equally to a foreclosure of a judgment lien, including the right to a deficiency judgment pursuant to § 49-14 (a). Accordingly, we hold that, pursuant to § 52-380a (c), the provisions of § 49-14 (a) concerning deficiency judgments apply to strict foreclosures upon judgment liens.[12]

---

[12] Similarly, the law in other jurisdictions does not appear to distinguish between mortgages and liens with respect to deficiency judgments. Early cases show that, irrespective of statute, a foreclosure upon a lien was treated like a foreclosure upon a mortgage, including the right to a deficiency judgment. In discussing the foreclosure of a mechanic's lien, the New York Court of Appeals stated: "To some extent the judgment is thus assimilated in form to a judgment upon the foreclosure of a mortgage, wherein the right to proceed against the land is accompanied by a judgment against the principal debtor for any deficiency. There is nothing . . . which prevents one establishing a lien from obtaining his full relief, which includes his right to enforce it, not only out of the property against which the lien is filed, but for any deficiency against the person who for the amount thereof is

The judgment is reversed and the case is remanded for further proceedings on the plaintiff's motion for a deficiency judgment.

In this opinion the other justices concurred.

indebted to the claimant." *Ringle* v. *Wallis Iron Works,* 93 N.Y. (86 Hun.) 153, 155–56, 33 N.Y.S. 398 (1895), aff'd, 155 N.Y. 674, 49 N.E. 1103 (1898).