[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR DEFICIENCY JUDGMENT
On June 12, 1992, the plaintiff, Northwest Bank for Savings, brought suit on a note against Gerald A. Bisceglio, Bearcat Enterprises Inc., and Bernhard Zavecz (Docket # CV-92-0059848). Bisceglio and Zavecz were the guarantors of the note executed by Bearcat Enterprises, Inc. The plaintiff sought and obtained a prejudgment remedy against defendant Bisceglio. Bisceglio's property was attached on July 23, 1992.
On May 5, 1993, the plaintiff obtained a judgment in its favor against the defendant, Gerald A. Bisceglio. The plaintiff placed a judgment lien for the sum of $113,379.28 plus costs and attorney fees against the defendant's property at 64 Zappulla Drive in Torrington. On April 25, 1994 the plaintiff received a judgment of strict foreclosure and its debt was found to be $124,499.21, plus attorney fees and costs. At the time of foreclosure, the subject property was appraised at $90,000.00. Defendant Bisceglio CT Page 6963 failed to redeem on the law day of May 24, 1994 and title vested in the plaintiff on May 24, 1994.
On June 6, 1994, pursuant to General Statutes § 49-14, the plaintiff filed the present motion seeking a deficiency judgment against the defendant. The defendant has objected on the ground that the plaintiff's remedy is barred by General Statutes § 49-1. Both parties have submitted a memorandum of law in support of their respective claims.
General Statutes § 49-1 provides in relevant part:
 [t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure; but the foreclosure is not a bar to any further action upon the mortgage debt, note or obligation as to any person liable for the payment thereof upon whom service of process to constitute an action in personam could not have been made within this state at the commencement of the foreclosure. The judgment in each such case shall state the names of all persons upon whom service of process has been made as herein provided.
General Statutes § 49-1.
In his memorandum of law in opposition to the deficiency judgment, the defendant recognizes that a judgment lien may be foreclosed in the same manner as a mortgage on the same property.Fairfield Plumbing Heating Supply Corporation v. Kosa, 220 Conn. 643,600 A.2d 1 (1991). The defendant argues, however, that General Statutes § 49-1 requires that all parties having an obligation to pay on the underlying obligation be cited in the foreclosure action. citing D. Caron Connecticut Foreclosures (2d Ed. 1989), p. 158. The defendant states that two additional obligors on the underlying debt, Bernhard Zavecz and Bearcat Enterprises, Inc., were not made parties to the foreclosure action and therefore the plaintiff is barred from pursuing its deficiency action against the defendant.
The defendant, however, has misinterpreted General Statutes CT Page 6964 § 49-1. That statute is intended to bar subsequent actions for deficiency against guarantors who were not named in the foreclosure action. (Emphasis added.) Ansonia National Bank's Appeal, 58 Conn. 257,259, 18 A. (1890); see also Connecticut Bank Trust Companyv. Boston Post Limited Partnership, 3 Conn. L. Rptr. 56 (December 12, 1990, Leuba, J.).
 There is no doubt that co-makers and endorsers must be parties to the foreclosure if the plaintiff seeks to hold them liable on the note. General Statutes § 49-1 mandates that. . . . If the mortgagee is not willing to take the property mortgaged as full payment for his debt, he has only to make all persons to whom he may wish to resort for further payment parties to his foreclosure suit.
Connecticut National Bank v. Granby Griffin Road Associates,8 CSCR 463 (April 1, 1993, Satter, J.). citing North End Bank Trust Co.v. Mandell, 113 Conn. 241 (1931).
In the present case, the plaintiff has properly made defendant Bisceglio a party to its foreclosure action. Accordingly, the plaintiff is not barred by General Statutes § 49-1 from seeking a deficiency judgment against defendant Bisceglio. The motion for deficiency judgment is granted.