[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT #127
The plaintiff, Woodlake Condominium Association No. 1, Inc., brought this action pursuant to General Statutes § 47-258 to foreclose its statutory lien for unpaid common expense assessments. Named as defendants are Jacquelyn Adler, the condominium unit owner, Shawmut Bank (f/k/a Connecticut National Bank), the senior mortgagee, and Lena Gabani, a junior mortgagee. On February 6, 1995, judgment of strict foreclosure entered and on its assigned law day, Shawmut paid to the plaintiff the six month statutory lien amount plus fees and costs totalling $4,904.96. At that time title to Adler's condo vested in Shawmut.
Subsequently, the plaintiff filed a motion for deficiency judgment in which it seeks to recover the remaining $8,210.03 of unpaid common expenses from Adler. This amount represents the difference between its statutory lien of $4,904.96 (paid to it by Shawmut) and Adler's total debt of $13,114.99 for unpaid assessments. CT Page 13381-J
In support of its motion, the plaintiff argues that it may seek a deficiency judgment in this action because General Statutes § 47-258(j) gives it the right to foreclose its statutory lien in the same manner as if the lien were a mortgage on real property. Further, it contends that it may seek a deficiency judgment under General Statutes § 49-14(a) which provides that any party to a mortgage foreclosure action may file a motion seeking same. In addition, the plaintiff claims that judicial economy would be served by allowing it to seek a deficiency judgment in the present foreclosure action.
In response, Adler correctly argues that § 49-14 was not intended to provide relief for unpaid assessments created by § 47-258, particularly where, as here, the plaintiff did not acquire title to the condominium unit in its proceeding to CT Page 13382 foreclose its statutory lien, and where title to the unit vested in a third party.
General Statutes § 47-258(a) provides in pertinent part that "[t]he association has a statutory lien on a unit for any assessment levied against that: unit . . . from the time the assessment . . . becomes delinquent." "Liens for delinquent common expense assessments on individual units within an association are creatures of statute. . . . In addition to creating the lien and authorizing its foreclosure, § 47-258, contrary to the tenet that the priority of liens is governed by the common law rule that first in time is first in right . . . carves out an exception and grants a priority to the lien for common expense assessments. The priority, however, is temporally limited by § 47-258(b) to the amount "of the common expense assessments . . . which would have become due in the absence ofacceleration during the six months immediately precedinginstitution of an action to enforce . . . the association'slien . . . ." (Emphasis in original.) Hudson House CondominiumAssn., Inc. v. Brooks, 223 Conn. 610, 614 (1992). Section 47-258(j) provides in pertinent part that "[t]he association's lien may be foreclosed in like manner as a mortgage on real property."
In the present case, the plaintiff association instituted the present action to foreclose on its statutory lien. On July 12, 1995, its assigned law day, Shawmut redeemed by paying to the plaintiff the amount of the six month statutory lien plus fees and costs and "acquire[d] title . . . free and clear of any additional amounts due the association on its lien." Caron, Connecticut Foreclosures (2d Ed. 1989), § 12.01C, p. 195. Despite the fact that title to the condominium unit vested in Shawmut, the plaintiff association seeks a deficiency judgment against Adler, the former unit owner.
A foreclosing first mortgagee must use the deficiency judgment procedure to satisfy a mortgage debt where the security is inadequate because § 49-1 provides in pertinent part that "the foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation. . . ." Id., 372. However, because § 49-1 only bars "further action upon the mortgage debt, note or obligation," the plaintiff, in the present action to foreclose a statutory lien, is not barred by the statute from proceeding independently against the former unit owner to collect unpaid common expense assessments. CT Page 13383
As indicated by the defendant in her brief, the rationale behind allowing deficiency judgments in mortgage foreclosures, is that § 49-1, which bars future action on a mortgage debt should not prevent collection of a shortfall where the value of the premises being foreclosed is less than the debt. C. Wiltsie, 2 Mortgage Foreclosure (4th Ed. Eager 1927) 949, p. 1026). Consequently, § 49-14(a) mandates that the court place a valuation on the property and render judgment for the creditor in the amount of the difference (if any) between the value of the property and the amount of the claim.
In the instant case, however, plaintiff's claimed deficiency is not created by inadequate value in the premises being foreclosed. Rather, plaintiff's claim arises from the fact that § 47-258(b) stipulates that plaintiff's priority over defendant Shawmut's mortgage is limited to an amount equal to six months common expenses. Thus, plaintiff's motion sets out a mathematical calculation which has nothing whatsoever to do with the value of the premises being foreclosed.
Plaintiff cites Fairfield Plumbing Heating Supply Corp. v.Kosa, 220 Conn. 643 (1991), as butressing its position; however, that case is readily distinguishable from the instant action.
A review of Kosa indicates that § 49-14(a) may apply to a § 47-258 foreclosure in which the plaintiff acquires title and a deficiency is sought. (Under the statute, such a deficiency is a function of the difference between the court found value of the subject property and the amount of plaintiff's claim.)
Understandably, where title has vested in the foreclosing creditor, foreclosure action is the appropriate hearing in which to determine valuation and deficiency, if any.
However, in the instant case, as indicated above, the plaintiff neither acquired title to the subject property nor does the value of same bear any relationship to the claimed deficiency. Consequently, the court finds no authority for allowing plaintiff to seek its claimed deficiency in the present action. Therefore, the plaintiff must rely on a separate action to recover the balance of unpaid common charges.
In accordance with the foregoing, plaintiff's motion for deficiency judgment is denied. CT Page 13384
WEST, J.