[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 129)
On March 27, 1995, the plaintiff, Pennie Edmonds, filed a one count complaint seeking foreclosure of a judgment lien against the defendant, David L. Hill. The plaintiff alleges that it received a judgment against the defendant in the state of New York, which it registered on October 7, 1994, in the Judicial District of Fairfield at Bridgeport, Docket No. CV94-0317567. The judgment is in the amount of $88,188.45 in damages, $445.00 in costs plus interest and attorney's fees. The plaintiff further CT Page 2677 alleges that it filed a judgment lien on November 18, 1994, in the land records of the Town of Fairfield. The defendant filed a substituted answer on September 25, 1995, admitting the existence of the plaintiff's judgment lien; however, he also asserted a special defense of estoppel and set-off. The plaintiff's motion to strike the defendant's special defense and set-off was granted by this court on December 5, 1995.
On December 29, 1995, the plaintiff filed a motion for summary judgment. The defendant filed a memorandum in opposition thereto on January 16, 1996.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v.Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995). "`In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v. Kissner, 229 Conn. 213,217, 640 A.2d 89 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Id. "It is not enough, however, for the opposing party merely to assert the existence of such an issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Water and Way Properties v. Colt's Manufacturing Co.,230 Conn. 660, 665, 646 A.2d 143 (1994).
The plaintiff contends that it has registered a foreign judgment, that it has filed a judgment lien on the defendant's property to satisfy the same, that the defendant has not paid the judgment, and has no defenses to it. The plaintiff has submitted in support of its motion for summary judgment a copy of the New York judgment, and an affidavit of Keith Lane, a credit manager employed by the plaintiff, who attests that judgment has entered against the defendant in New York and that the defendant has paid no part of the judgment. The defendant argues that there are several lawsuits in progress between the parties and that the CT Page 2678 court should not grant summary judgment on the foreclosure action for equitable reasons. The defendant attests as to the plaintiff's actions in various other lawsuits and further attests that the plaintiff's actions are unconscionable and undertaken solely to harass the defendant.
"[A] judgment lien on real property may be foreclosed or redeemed in the same manner as mortgages on the same property . . . ." (Internal quotation marks omitted.) FairfieldPlumbing and Heating Supply Corp. v. Kosa, 220 Conn. 643, 646,600 A.2d 1 (1991). "A judgment lien is a sort of statutory mortgage . . . a perfected and permanent lien unconditional in its nature, unlimited as to time, and subject to no further regulations except as to redemption and foreclosure." (Internal quotation marks omitted.) Lawall Realty Ltd. Partnership v.Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.)
The defendant's evidence does not challenge the validity of the judgment lien, but relies upon equitable considerations which have been raised as special defenses in other actions pending between the parties. Inasmuch as these equitable considerations have been raised in other actions, they are better determined within the context of those actions. The defendant also argues that there is insufficient equity in his home to satisfy the judgment lien; however, this is no bar to proceeding with the pending foreclosure.
Clearly, the plaintiff has provided evidence of the foreign judgment, and the defendant admits the existence of the judgment lien. The defendant has not provided any evidence attacking either the foreign judgment or the lien. Accordingly, the court finds that there is no genuine issue of material fact as to liability, and that the plaintiff is entitled to judgment as a matter of law. Therefore, the plaintiff's motion for summary judgment is granted.
WEST, J.