[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
On September 23, 1996, the plaintiff, Owens, Schine Nicola, P.C., a law firm, filed an amended complaint seeking to foreclose a judgment lien on property known as 80 North Street in Shelton, Connecticut owned by the defendant, Julia Medeiros. On May 8, CT Page 1441 1995, the plaintiff obtained an order of attachment against the defendant in the amount of $7500, which was duly recorded on the Shelton Land Records. On November 17, 1995, the plaintiff obtained a judgment against the defendant for $7,094.70. On December 12, 1995, the plaintiff filed a certificate of judgment lien with the Town Clerk in Shelton.
On January 8, 1997, the defendant, acting pro se, filed an answer in which she denied that the judgment lien remains unpaid. On January 21, 1997, the plaintiff filed a motion for summary judgment. In support of its motion, the plaintiff submitted a copy of the judgment lien and a copy of the entry of judgment. The defendant has not filed a response as of today's date.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Barrett v. Danbury Hospital, 232 Conn. 242, 250, 654 A.2d 748 (1995).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water and Way Properties v. Colt's Manufacturing Co., 230 Conn. 660, 664, 646 A.2d 143 (1994). "The existence of the genuine issue of material fact must be demonstrated by counteraffadavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage Canal Development Associates, Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).
"[A] judgment lien on real property may be foreclosed or redeemed in the same manner as mortgages on the same property. . . ." (Internal quotation marks omitted.) Fairfield Plumbing Heating Supply Corp. v. Kosa, 220 Conn. 643, 646, 600 A.2d 1
(1991). "A judgment lien is a sort of statutory mortgage . . . a perfected and permanent lien unconditional in its nature, unlimited as to time, and subject to no further regulations except as to redemption and foreclosure." (Internal quotation marks omitted.) Lawall Realty Ltd. Partnership v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.)
"In a foreclosure action, defenses are generally limited to payment, discharge, release, satisfaction or invalidity of a lien." First Federal v. Kakaletris, Superior Court, judicial CT Page 1442 district of Stamford/Norwalk at Stamford, Docket No. 130826 (February 23, 1994, Karazin, J., 11 Conn. L. Rptr. 113). "A foreclosure is an equitable proceeding where the trial court may consider all relevant circumstances to ensure complete justice has been done." Id., citing Reynolds v. Ramos, 188 Conn. 316,320, 449 A.2d 182 (1982). "Equity has permitted allegations of mistake, accident, fraud, equitable estoppel, CUTPA, and breach of an implied covenant of good faith and fair dealing to become valid defenses." Bank of Boston Connecticut v. Calabrese, Superior Court, judicial district of Waterbury, Docket No. 118377 (July 11, 1994, Sylvester, J.). However, the court in First Federal v. Kakaletris, supra, adopted the rationale that "only those equitable defenses which attack the making, validity or enforcement of a note or mortgage should be recognized in a foreclosure action."
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." Hammer v Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990).
In the present case, the plaintiff submitted a copy of the judgment lien and a copy of the entry of judgment. The defendant has failed to dispute the validity of the judgment or present any evidence that it has been satisfied. Therefore, the Motion for Summary Judgment is granted.
THE COURT CURRAN, J.