[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION FACTUAL BACKGROUND
The plaintiff, Linden Condominium Association, Inc. (The Association) brought this action to collect condominium charges due from the defendant condominium owner.
In a prior foreclosure action, The Association had foreclosed on its statutory lien for common charges. In that action, however, the holder of the first security interest, Shawmut Bank, redeemed the property. Pursuant thereto, Shawmut paid the plaintiff its six months priority debt, costs, and attorney's fees awarded by the court. The amount of the debt left unpaid was $59,596.01. The Association also claimed additional legal fees and expenses not awarded by the court and therefore still claimed outstanding.
Pursuant to General Statutes § 49-14,[1] The plaintiff moved for a deficiency judgment which was denied by the court because of untimeliness in filing.
The Association now brings this action seeking judgment on the debt due in accordance with the outstanding deficiency claim, and in addition, the charges and fees incurred since the foreclosure judgment.
Pursuant to a motion for summary judgment filed by the defendants [18 CONN. L. RPTR. 175], Judge Wagner ruled that a deficiency action could not be maintained by the plaintiff because (a) it is not a mortgage foreclosure and (b) where a third party redeems, a deficiency does not apply, (citing Woodlake Condominium #1 v. Adler,
Superior Court, Judicial District of Waterbury #122878, (Dec. 7, 1995, West, J.).
Judge Wagner also decided that General Statutes § 47-258
(f)[2] does not prohibit an action to recover sums which can be liened, although § 49-1[3] ostensibly bars any further action on the debt. CT Page 10838 The defendant claims that the plaintiff is barred from bringing this action because of the mandate of § 49-1; that all moneys adjudged due to The Association are final because of the doctrine of res adjudicata and issue preclusion; that the denial of the deficiency bars any further action on the debt for the same reasons; and lastly, that this court is not bound by Judge Wagner's decision because it was interlocutory.
The Association, asserts that the court is bound by Judge Wagner's decision that it may bring this separate action and, in addition, may recover any sums due it but previously not allowed by the court.
LAW AND CONCLUSIONS
The first question this court must obviously decide is whether or not it is bound by the summary judgment decision holding that § 49-1 does not bar an action on the common charges because (a) it is not a mortgage foreclosure, and (b) § 49-1 does not apply when there is a redemption by a third party.
It is the opinion of this court that it is not bound by that decision because the summary judgment ruling is not res adjudicata. The summary judgment ruling constitutes the "law of the case" and whether or not to follow it is to be determined by the rules applying to that doctrine. Polivy v. Air One, Inc.,
46 CA 573, 576 (1997).
If this court believes, as it does, that the summary judgment ruling is incorrect, in part, it may depart from that ruling.Breen v. Phelps, 186 Conn. 86, 98-99 (1982).
The second question which must be answered is whether or not the deficiency judgment statute (§ 49-14) applies to cases wherein a party other than the plaintiff redeems the property and acquires title. Although Woodlake Condominium #1, supra, holds to the contrary, that decision plainly ignores the holding inFactor v. Fallbrook, Inc., 25 Conn. App. 159, cert. denied,220 Conn. 908 (1991). In that case, the Appellate Court decided that a plaintiff, in a case where a first mortgagee redeemed the property, was not only entitled to a deficiency, but was required to avail himself of this remedy and was barred from pursuing any other action on the mortgage debt. This court therefore concludes that § 49-14 applies to this action. CT Page 10839
The next questions present in this case are whether the provision permitting an association to foreclose its lien in like manner as a mortgage also entitles the association to seek a deficiency judgment; and if so, whether this precludes any further action on the underlying debt; and even if action on the underlying debt is not precluded, whether the present act-on is barred under the doctrine of res judicata.
General Statutes § 49-1 provides that the foreclosure of a mortgage is a bar to any further action upon the mortgage debt against a party to that action. The rationale underlying this rule is that "a foreclosure and consequent possession, is in the nature of satisfaction of a debt secured by a mortgage. It is deemed an appropriation of the thing pledged, in payment of the demand, for which it was security." (Internal quotation marks omitted.) New England Savings Bank v. Lopez, 227 Conn. 270, 285
n. 10, 630 A.2d 1010 (1993). Thus, "if [the mortgagee choose[s] to take the land and to make it his own absolutely, whereby the mortgagor is totally divested of his equity of redemption, the debt is thereby paid and discharged: And if it eventually proves insufficient to raise the sum due, it is the mortgagee's own fault, and at his risk." (Internal quotation marks omitted.)Factor v. Fallbrook, Inc., supra, 162.
Because a judgment of foreclosure precludes any further action upon the mortgage, the legislature "created the remedy of the deficiency judgment as the only available means of satisfying a mortgage debt when the security is inadequate to make the plaintiff whole." New England Savings Bank v. Lopez, supra,227 Conn. 285 n. 10. The issue in the present case is whether this rule also applies to an association that forecloses upon its statutory lien for common charges.
Because Connecticut courts have not yet addressed this issue, this court must examine foreclosure actions with regard to judgment liens and mortgages and determine how those rules and case law apply to a statutory lien for common charges.
When the legislature enacted the provisions creating the judgment lien, it "sought to provide another more simple and beneficial process for the enforcement of the general right created by a judgment." Mac's Car City, Inc. v. Diloreto,238 Conn. 172, 178, 679 A.2d 340 (1996). The Connecticut Supreme Court has explained that "[t]he purpose of the statute . . . CT Page 10840 authorizing judgment liens was to provide an additional method of appropriating in satisfaction of [the] judgment real estate which could by law be taken on . . . execution. . . . The lien merely constitutes a charge upon the property . . . and the filing of the lien does not affect the title or right of possession of the judgment debtor." (Citations omitted; internal quotation marks omitted.) Struzinski v. Struzinsky, 133 Conn. 424, 429,52 A.2d 2 (1947).
The Connecticut Supreme Court has addressed the distinctions between a mortgage and a judgment lien. "A mortgage is a form of contract and, under Connecticut law, immediately vests legal title in the mortgagee and equitable title in the mortgagor. . . . Foreclosure on a mortgage, moreover, is an equitable action that precludes further proceedings on the underlying debt and requires an unsatisfied mortgagee to pursue his rights through a deficiency judgment. . . . A judgment lien, on the other hand, results from the unilateral act of a creditor and does not vest him with legal title to the subject property. . . . Foreclosure of a judgment lien is an action at law that does not extinguish the underlying debt." (Citations omitted; internal quotation marks omitted.) Stein v.Hillebrand, 240 Conn. 35, 48 n. 7, 688 A.2d 1317 (1997). See also Owens, Shine Nicola v. Medeiros, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 055302 (February 14, 1997, Curran J.) (holding that "[a] judgment lien is a sort of statutory mortgage . . . a perfected and permanent lien unconditional in its nature, unlimited as to time, and subject to no further regulations except as to redemption and foreclosure.") (Internal quotation marks omitted.)
The rationale for precluding further action upon the debt with regard to a mortgage is that the land is the security, or the thing pledged, and so an action to foreclose upon the land would satisfy the underlying debt because the foreclosing mortgagee would obtain title and the security for the debt. The statutory or judgment lien, on the other hand, was intended to help a person satisfy a judgment with the value of certain property that usually is unrelated to the underlying debt. A lien is merely a charge upon the land and vests no title in the lien holder. Based on the foregoing distinctions, the court finds that the statutory lien in the present case is more like a judgment lien than a mortgage.
In Fairfield Plumbing Heating Supply Corporation v. Kosa,
CT Page 10841220 Conn. 643, 649, 600 A.2d 1 (1991), the court explained that "the remedy of a deficiency judgment is necessary in mortgage foreclosures because a judgment of foreclosure precludes further proceedings on the underlying debt. Concededly, a judgment of foreclosure does not have the same effect on a judgment lien. Foreclosing on a judgment lien does not extinguish the original judgment, which continues to be valid as to any uncollected portion." The court held, however, that because a judgment lien may be foreclosed in the same manner as a mortgage, "[e]very aspect of a mortgage foreclosure applies equally to a foreclosure of a judgment lien, including the right to a deficiency judgment pursuant to § 49-14 (a)." Id., 651. The court explained that "even though the alternative procedure of bringing a separate action may be available to a judgment lienor, it is far more efficient for the parties and the court to have the issue of valuation determined as part of the foreclosure proceeding rather than as part of a subsequent action." Id., 649-50.
Both the judgment lien statute and the statute governing liens for common charges provide that the lienholder may foreclose the lien in a like manner as a mortgage. Because the Supreme Court in Fairfield Plumbing Heating Supply Corporationv. Kosa, supra, 651, interpreted this to mean that a foreclosing judgment lienholder is entitled to seek a deficiency judgment, it follows that a holder of a lien for common charges should also be entitled to seek a deficiency judgment.
The issue of whether an association may seek a deficiency judgment following the foreclosure of a lien for common charges is also addressed in 1 G. Poliakoff, The Law of Condominium Operations (1988) § 5:62, p. 97-98. The author explained that "it is common practice to seek a deficiency from the unit owner" and that "[w]hile no cases exist on the subject . . . [s]uch an interpretation is supported by [the] provision in some states that makes the share of common expenses or assessments unpaid on a unit after the foreclosure sale a common expense collectible from all unit owners." Id. (citing General Statutes § 47-77
(b)[4]). See also 7 R. Powell, Powell on Real Property (1997) ch. 54, ¶ 632.6 (12), p. 380 (explaining that because a lien for common charges may be foreclosed in a like manner as a mortgage on real property, "the underlying state mortgage law will govern the foreclosure procedure.")
The issue remains, however, whether like under the mortgage statute, a deficiency judgment is the only remedy available and CT Page 10842 therefore, further action on the underlying debt is precluded. The lien statute governing liens for common charges and expenses expressly provides that "[t]his section does not prohibit actions to recover sums for which subsection (a) creates a lien . . . ." General Statutes § 47-258 (f). Furthermore, in distinguishing a judgment lien from a mortgage, the Connecticut Supreme Court has explained that "the foreclosure of a judgment lien is an action at law that does not extinguish the underlying debt."Stein v. Hillebrand, supra, 48 n. 7. Accordingly, this court holds that the foreclosure of a lien for common charges does not preclude further action to recover any outstanding charges under the lien.
Even though the foreclosure of a statutory lien for common charges does not preclude further action on the debt, the action in the present case is nevertheless barred under the doctrine of res judicata. "[U]nder the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim [or any claim based on the same operative facts that] might have been made . . . ." (Citations omitted; internal quotation marks omitted.) Connecticut National Bank v. Rytman,241 Conn. 24, 43, (1997). "A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Citations omitted; internal quotation marks omitted.)Delahunty v. Massachusetts Mutual Life Ins. Co., 236 Conn. 582,589, 674 A.2d 1290 (1996).
Because a party foreclosing on a statutory lien for common charges may move for a deficiency judgment, and because that claim was made in the prior action, and denied, res judicata precludes the plaintiff from asserting the same claim in the present case.
For the foregoing reasons, judgment many enter for the plaintiff only in the amount of $59,596.01, which the parties have stipulated is the amount due to the plaintiff since the termination of the previous action.
Freed, J. CT Page 10843